| | | |
|---|---|---|
| BRETT ALLEN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-617-TAV-DCP |
| | ) | |
| JEFFERY WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiff's Complaint for Violation of Civil Rights ("Complaint") [Doc. 1] and the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 9]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 9**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Complaint.

## I.      DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 9] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income and several liabilities and expenses. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATIONS AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.      Summary of the Complaint

Plaintiff names three Defendants: (1) Jeffery Williams ("Defendant Williams"); (2) James Lewis ("Defendant Lewis"); and (3) Wynn's Premier Vehicle Service Contract Program ("Defendant Wynn") [Doc. 1 p. 2]. According to the allegations in the Complaint, it appears that Plaintiff's vehicle needed repairs [*Id.* at 4]. The warranty company told him that the "engine was covered" [*Id.*]. Later, Plaintiff learned that the warranty company would only pay for repairs and not a replacement [*Id.*]. Plaintiff claims that he was lied to and charged $450.00 [*Id.*]. He asserts

3

that this constitutes extortion [*Id.*]. In addition, Plaintiff alleges that his mailbox was destroyed by Defendant Williams [*Id.*].[2]

**B.      Screening of the Complaint**

On June 8, 2026, the Court entered an order noting several issues with the Complaint [Doc. 12]. The Court explained:

> Federal courts have limited jurisdiction. *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). "Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (quoting *EBI-Detroit, Inc.*, 279 F. App'x at 344). Specifically, under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff has not alleged any federal claims against Defendants [*See* Doc. 1].[3] The Court therefore may not have federal question jurisdiction over this case.
>
> In addition, pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States." Plaintiff, Defendant Williams, and Defendant Lewis reside in Tennessee [Doc. 1 p. 2]. Further, Plaintiff has not alleged an amount in controversy.[4] The Court therefore may not have diversity jurisdiction over this case.

---

[2]      The Court has not summarized the remaining allegations. They are incoherent, and the Court cannot discern whether they relate Plaintiff's complaint of extortion or the destruction of his mailbox [*See* Doc. 1 pp. 5–7].

[3]      Plaintiff has not alleged any facts about Defendant Lewis [*See* Doc. 1]. And it is not clear to the Court if Defendant Wynn is the warranty company [*See id.*]. To the extent these are different entities, Plaintiff has not alleged any facts against Defendant Wynn [*See id.*].

[4]      Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain "a demand for relief sought[.]" Fed. R. Civ. P. 8(a)(3). Plaintiff does not ask for any relief [*See* Doc. 1]. *See Ward v. Harris*, No. 6:07-388, 2007 WL 4571074, at *2 (E.D. Ky. Dec. 26, 2007) ("Failure to demand any form of relief justifies dismissal without prejudice." (citations omitted)).

[Doc. 12 pp. 3–4]. Instead of recommending dismissal, the Court allowed Plaintiff leave to file an amended Complaint by July 8, 2026 [*Id*. at 4–5]. Plaintiff did not file an amended Complaint. The undersigned therefore recommends dismissal of this case for the reasons stated above.

### C. Amendment

The Court has already allowed Plaintiff to file an amended Complaint to address the deficiencies. He chose not to file one, and the undersigned does not discern any reason to allow further opportunity to do so.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 12**]. But no process shall issue until the District Judge has ruled upon this Report and Recommendation[5] because the undersigned **RECOMMENDS**[6] that the Complaint [Doc. 1] be **DISMISSED** in its entirety.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).